JAMES HEDGES, Appellant, *v.* WILLIAM H. PAYNE and Another, Respondents.

85 377
146a 397

*Relief from arrest, under section 572 of the Code of Civil Procedure — sureties cannot surrender their principal under section 591 thereof.*

Section 572 of the Code of Civil Procedure was intended to relieve from arrest under orders of arrest in cases in which the diligence required by statute was not used by the plaintiff in charging the defendant by execution.

Such section has no application to executions, except in respect to such as may be issued where a defendant has been discharged pursuant to the provisions of such section, and the "mandate" referred to in such section is the order of arrest mentioned in the beginning thereof.

Under the provisions of section 591 of the Code of Civil Procedure the sureties upon an undertaking given by a defendant to deliver chattels sued for or pay the sum recovered have no power to surrender their principal.

APPEAL by the plaintiff, James Hedges, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th

day of November, 1894, granting the defendant's motion that a supersedeas be allowed in the action and relieving him from imprisonment under a certain order of arrest.

*Henry E. Howland,* for the appellant.

*Arthur H. Smith,* for the respondents.

VAN BRUNT, P. J. :

This action was begun in the year 1888 to recover possession of certain personal property or the value thereof in case delivery could not be had.

On the 12th of January, 1888, an order of arrest was issued against the defendant Payne and he was arrested thereunder. Subsequently Payne gave an undertaking under subdivision 2 of section 575 of the Code of Civil Procedure, the defendant having been released by the sheriff previously under an improper undertaking. The defendant Payne having answered, the issues thus raised were tried and a verdict rendered for the plaintiff on the 10th of April, 1891, and on the 8th of May, 1891, final judgment was entered in favor of the plaintiff against the defendant.

On the 6th of June, 1891, the defendant Payne appealed to the General Term. Judgment of affirmance was entered in March, 1892. The defendant gave no undertaking upon this appeal.

On March 30, 1892, execution against the specific property was issued with the alternative directions required by section 1731 of the Code of Civil Procedure. This execution was returned unsatisfied April 29, 1892. On June 30, 1892, an execution against the person of the defendant Payne was issued and returned not found August 27, 1892, and kept alive by other executions until May 3, 1893. On the 16th day of November, 1894, the defendant Payne obtained an order to show cause why he should not be relieved from imprisonment under the order of arrest above mentioned, or any execution against him issued or to be issued. This motion was granted and from the order granting the same this appeal is taken.

The motion was made under section 572 of the Code of Civil Procedure, which is as follows : " Except in a case where an order of arrest can be granted only by the court if the plaintiff unreasonably delays the trial of the action, or neglects to enter judgment therein

within ten days after it is in his power to do so, or neglects to issue execution against the person of the defendant within ten days after the return of the execution against the property, and in any event neglects to issue the same within three months after the entry of the judgment, or whenever it shall appear to the satisfaction of the court that the plaintiff in an action or a judgment creditor in a judgment delays the enforcement of his remedies therein by collusion, or for the purpose of allowing the debtor to remain in prison under the mandate in any other action before the issuing of the mandate in favor of such creditor, so as to produce a continued and extended imprisonment by virtue of the separate mandates in the different actions, the defendant must, upon his application made upon notice to the plaintiff, be discharged from custody, if he has already been taken under the mandate against him in such action; or, if he has not yet been imprisoned therein, be relieved from imprisonment by virtue of such mandate by the court in which the action was commenced, unless reasonable cause is shown why the application should not be granted. A defendant discharged as prescribed in this section shall not be arrested upon an execution issued upon the judgment in the action." It would seem that this section has no application to executions, except in respect to such as may be issued in cases where a defendant had been discharged pursuant to this section. It was intended to relieve from arrest under orders of arrest where the diligence required by the statute was not used by the plaintiff in charging the defendant by execution. The relief to be granted seems to show that this must be the interpretation of the section.

If the defendant has already been arrested he must be discharged from arrest. If not, he is to be relieved from imprisonment by virtue of the order of arrest. The word "mandate" is used (elegance of language seemingly being considered of more importance by the codifiers than precision of expression), but it is evident that the mandate referred to is the order of arrest mentioned in the beginning of the section. The defendant in this action had been arrested, and consequently the second provision did not apply. Neither can the first apply because the defendant had already been discharged from arrest by the giving of the undertaking to deliver the chattels sued for or pay the sum recovered. The sureties under

such an undertaking cannot surrender their principal (§ 591), and the defendant was not even constructively in custody as he would have been had the bail such power. There was no situation, therefore, to which section 572 could apply. The court could not discharge the defendant from custody, when his discharge had already taken place and the defendant was not in custody. Neither could the other relief provided for by the section be granted because the defendant had been imprisoned. The order appealed from must be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

PARKER and O'BRIEN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.